Parker C. J.
delivered the opinion of the Court. We are all of opinion that, from the facts disclosed by Parks, it is clear that he was interested, and so ought not to have been admitted as a competent witness. As an agent merely he is not disqualified, but it appears that he is strongly interested in the recovery of the sum sued for, and in establishing the liability of Jefferson, the only solvent defendant. The goods sold were consigned to him, and he had made advances on account of them. The consignor is r solvent. The witness, *259 without any particular authority, caused this suit to be commenced, and employed the attorney. The money, when received, is to come into his hands, and he admits that if it does, he shall retain on account of his debt. He has some security, but he is not certain that it is sufficient. It does not appear that Marland has given any directions to the attorney about the suit, and the inference upon the whole is, that Parks expects that the money recovered will be paid over to him. The case of Phœnix v. Ass. of Ingraham, 5 Johns. R. 427, is not stronger, where it is held, that if the effect of the testimony of a witness be to create or increase a fund in which he will be entitled to participate, he is incompetent. There are other authorities to the same point. Stewart v. Kip, 5 Johns. R. 258 ; White v. Derby, 1 Mass. R. 239 ; Peyton v. Hallet, 1 Caines’s R. 363 ; Innis v. Miller, 2 Dallas, 50 ; Powel v. Gordon, 2 Esp. R. 735 ; M'Veaugh v. Goods, 1 Dallas, 62.[1]

Mew trial granted.

 The disqualifying interest of a witness may consist in the expectation either of acquiring an immediate benefit or of avoiding someimmediate loss or deprivation. Gilb. Ev. 232; Stebbins v. Sacket, 5 Conn. R. 258 ; Rudge v.Ferguson, 1 Carr. & Payne, 253 ; Gilb. Ev. 106,107; Bull. N. P. 284. But the expectation by anattorney, of a larger fee in case of his client’s success, does not render him incompetent totestify for his client. Newman v. Bradley, 1 Dallas, 241 ; Miles v. O’Hara, 1 Serg. & Rawle,32 ; Slocum v. Newby, 1 Murphy, 423. See Benedict v. Brownson, Kirby, 78 ; Allen v. Hawks, 13 Pick. 79. An expectation of a leaseof the locus in quo, does not disqualify one to be a witness for the plaintiff in trespass qu. el.fr. Baker v. Pearce, 4 Harr. & M‘Hen. 502. See Phil. Ev (3d Eng. ed.) 49.